**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Eric L. Aleman, | : | Case No. 1:10 CV 1539 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Jesse Williams | : | |
| Respondent. | : | |

Filed pursuant to 28 U.S.C. § 2254, this case was automatically referred to the undersigned Magistrate pursuant to Local Rule 72.2(b)(2). Pending is Respondent's Motion to Dismiss and Petitioner's Traverse/Response to Motion to Dismiss (Docket Nos. 4 & 5). For the reasons that follow, the Magistrate recommends that the Court grant the Motion to Dismiss.

**PROCEDURAL BACKGROUND**

On May 5, 1994, the Cuyahoga County grand jury indicted Petitioner as follows:

| | |
|---|---|
| Count One | Aggravated murder, a violation of OHIO REV. CODE § 2903.01. |
| Specification One: (Felony murder) | Petitioner committed or attempted to commit or fleeing immediately after committing or attempting to commit aggravated robbery. |
| Specification Two: (Felony murder) | Petitioner committed or attempted to commit or fled immediately after committing or attempting to commit kidnaping. |

| | |
|---|---|
| Count Two: | Aggravated murder |
| Specification One: (Felony murder) | While committing aggravated murder, Petitioner was committing or attempting to commit or fleeing immediately after committing or attempting to commit aggravated robbery. |
| Specification Two: (Felony murder) | While committing aggravated murder, Petitioner was committing or attempting to commit or fleeing immediately after committing or attempting to commit kidnaping. |

(Docket No. 4, Exhibit 1, pp. 5-6 of 195).

On February 24, 1995, Petitioner entered a plea of guilty to:

| | |
|---|---|
| Amended counts one and two: | aggravated murder; |
| Amended count three: | kidnaping |
| Amended count four: | aggravated robbery |

Judge Richard McMonagle sentenced Petitioner to ten to twenty-five years on counts three and four to run consecutively.  After completion of the sentence on counts three and four, Petitioner was ordered to serve life imprisonment on counts one and two, to run consecutively to the aggravated robbery and the kidnaping charges.  Counts one and two were merged for purposes of sentencing (Docket No.4, Exhibit 1, pp. 10 of 195).

Eleven years later on May 17, 2006, Petitioner filed a notice of appeal (Docket No. 4, Exhibit 1, p. 11 of 195).  Also on May 17, 2006, Petitioner filed a motion for leave to file delayed appeal (Docket No. 4, Exhibit 1, p. 14-15 of 195).  The motion was denied on June 28, 2006 (Docket No. 4, Exhibit 1, p. 49 of 195).

Petitioner filed a notice of appeal in the Supreme Court of Ohio (Docket No. 1, Exhibit 1, p. 50 of 195).  He presented one proposition of law:

> A court of appeals abuses its discretion when it denies leave to file a delayed appeal where the delay in noting an appeal is attributable to the trial court's failure to advise the criminal defendant of his right to appeal.

(Docket No. 4, Exhibit 1, p. 53 of 195).

On October 18, 2006, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal (Docket No. 4, Exhibit 1, p. 74 of 195).

On April 16, 2008, Petitioner filed a motion to withdraw guilty plea (Docket No. 4, Exhibit 1, p. 75-86 of 195). The court of common pleas denied the motion on April 22, 2008 (Docket No. 4, Exhibit 1, p. 114 of 195). Petitioner filed a notice of appeal on April 7, 2009 (Docket No. 4, Exhibit 1, p. 115 of 195). On June 10, 2009, the court of appeals dismissed the appeal, *sua sponte,* for failure to file a timely notice of appeal (Docket No. 4, Exhibit 1, p. 117 of 195).

Petitioner filed a motion for reconsideration on May 1, 2009 (Docket No. 4, Exhibit 1, p. 118 of 195). The court of appeals denied the motion for reconsideration, *sua sponte*, on June 10, 2009 (Docket No. 4, Exhibit 1, p. 147). Petitioner filed a notice of appeal on July 22, 2009 (Docket No. 4, Exhibit 1, p. 148 of 195). Petitioner's motion for delayed appeal was denied on August 19, 2009 (Docket No. 4, Exhibit 4, p. 192 of 195).

Petitioner filed a petition for writ of habeas corpus on March 14, 2007 (Case No. 1:07 CV 00739, Docket No. 1). On March 25, 2008, Petitioner's motion to dismiss, without prejudice, was granted and respondent's motion to dismiss was denied as moot (Case No. 1: 07 CV 00739, Docket No. 18).

Petitioner filed this Petition for Writ of Habeas Corpus on July 12, 2009 (Docket No. 1). In his Traverse, he alleges:

1. The trial court had a mandatory duty to inform him of the right to appeal in accordance with OHIO CRIM. R. 32(B).
2. The state appellate court's denial of the motion for appointment of counsel violated his constitutional right to counsel on appeal.
3. The trial court had a mandatory duty to serve notice of its judgment that denied the motion to withdraw guilty plea by mail.

**JURISDICTION**

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States.  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002))

Petitioner satisfies the requirements for habeas jurisdiction.  He was convicted in the Cuyahoga County Court of Common Pleas.  He is incarcerated at Allen Correctional in Lima, Ohio.  For habeas purposes, Petitioner is in custody.

Petitioner alleges that the trial court prevented him from pursuing his right to appeal and obtaining the effective assistance of court appointed counsel.  Such claims, if true, are phrased sufficiently to allege a denial of constitutional guarantees made pursuant to the Sixth and Fourteenth Amendments of the United States Constitution.

The Magistrate finds that this Court has subject matter jurisdiction to consider Petitioner's Section 2254 petition.

### HABEAS CORPUS STANDARD

Both this court and the United States Court of Appeals for the Sixth Circuit are required to apply the provisions of the AEDPA.  *Pinchon v. Myers,* 615 F.3d 631, 638 (6th Cir. 2010).  Under AEDPA, a federal court may grant a writ of habeas corpus with respect to a "claim that was adjudicated on the merits in State court proceedings" only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* (*citing* 28 U.S.C. § 2254(d)).

"A state-court decision is contrary to clearly established federal law if the state court applies a rule

that contradicts the governing law set forth in the Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent." *Id.* (*citing Joseph v. Coyle,* 469 F.3d 441, 449-50 (6th Cir. 2006) *cert. denied*, 127 S. Ct. 1827 (2006) (brackets, citation, and internal quotation marks omitted)). On the other hand, a state-court decision involves an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," *Id.* (*citing Williams v. Taylor,* 120 S. Ct. 1495, 1519 (2000), or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context," *Id.* (*citing Joseph,* 469 F.3d at 450 (citation omitted)). AEDPA's deferential standard of review, however, "applies only to any claim that was adjudicated on the merits in [s]tate court proceedings." *Id.* (*citing Nields v. Bradshaw,* 482 F.3d 442, 449 (6th Cir. 2007) *cert. denied*, 128 S. Ct. 919 (2008) (citation and internal quotation marks omitted)).

**ANALYSIS**

Petitioner acknowledges that his claims were filed more than fourteen years after the expiration of the time to file a direct appeal. The Court should exclude the fourteen years in calculating the running of the statute since Petitioner was deprived of notice that he had a right to appeal. Additionally, Petitioner seeks review on the merits of his claims that his constitutional rights were violated when the state court: (1) failed to serve him with a notice of its judgment and (2) denied his motion for appointment of counsel. Petitioner seeks an order of the Court declaring that the Petition for Writ of Habeas Corpus is not time barred and therefore subject to habeas review.

Respondent claims that the Court is foreclosed from addressing these issues as they are barred by the expiration of the statute of limitations. Respondent argues that Petitioner's Writ must be dismissed.

The applicable statute of limitations under AEDPA is one year from its effective date, to wit April 24, 1996. Pursuant to 28 U.S.C. § 2244(d)(1), a one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The relevant section provides that the limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U. S. C. § 2244(d)(1)(A), (B) (Thomson Reuters 2011). A one year grace period is applicable for all cases filed prior to the effective date of AEDPA. *Allen v. Yukins*, 366 F. 3d 396, 400 (6th Cir. 2004) *cert. denied*, 125 S. Ct. 200 (2004) (*citing Austin v. Mitchell*, 200 F. 3d 391, 393 (6th Cir. 1999) *cert. denied*, 120 S. Ct. 2211 (2000)). Specifically, a petitioner whose convictions became final before the enactment of AEDPA had until April 24, 1997, to file his or her federal habeas petition. *Id.*

The petitioner bears the burden of demonstrating that he or she is entitled to equitable tolling. *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003) (*citing Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002)). In analyzing whether a habeas petitioner should be entitled to equitable tolling, the court must look to factors established in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988). *Id.* (*citing Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (2001) *cert. denied*, 122 S. Ct. 649 (2001)). Under *Andrews,* the court considers "(1) lack of actual notice of filing requirements; (2) lack of constructive knowledge of filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id.* (*citing Andrews,* 851 F.2d at 151).

Issues related to the statute of limitations were resolved in Petitioner's Case No. 1:07 CV 0739,

*Aleman v. Hudson.* In that case, the statute of limitations was subject to equitable tolling from May 17, 2006 through November 2, 2006, while the motion for delayed appeal was pending in state court. Petitioner was not, however, entitled to tolling for the nine years that elapsed after the statute of limitations expired. Now, Petitioner seeks a declaration that all of the time that elapsed since the expiration of the statute of limitations should be discounted in determining when the statute expired because he was not advised of his right to appeal the conviction.

Petitioner's claims are clearly time barred from habeas review. Consequently, the Magistrate need not address the merits of Petitioner's second and third grounds for relief.

## CONCLUSION

In view of the foregoing, the Magistrate Judge recommends that the Court grant the Motion to Dismiss and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated:      April 13, 2011

## NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection

is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in United States v. Walters, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.