IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric L. Aleman,     Case No. 1:10 CV 1539

          Petitioner,     O R D E R

      -vs-     JUDGE JACK ZOUHARY

Jesse Williams,

          Respondent.

This matter is before the Court for a *de novo* review following Petitioner's Objection (Doc. No. 7) to the Magistrate's Report and Recommendation ("R & R") (Doc. No. 6), which concluded that "Petitioner's claims are clearly time barred from habeas review" (Doc. No. 6, at 7).

This is Aleman's second federal habeas action. His first Petition was dismissed as time-barred in March 2008. The following month, he returned to state court in an attempt to withdraw his guilty plea to aggravated murder, kidnapping and aggravated robbery from February 1995. That motion was rejected by the state trial and appellate courts with a final denial in December 2009.

Aleman, by filing the instant Petition, seeks to "restart" the already expired clock under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). His Objection warms over arguments previously made and rejected.

This case is resolved by basic math. As set forth in the Respondent's Motion to Dismiss (Doc. No. 4) and the R & R (Doc. No. 6), the deadline for Aleman filing this habeas petition was April 24, 1997. He did not do so -- he filed over *twelve years* later. Aleman does not qualify for equitable tolling because, as succinctly noted by Respondent (Doc. No. 4, at 15): "The history of this case

reveals Aleman has repeatedly failed to diligently pursue his rights and that there have been no extraordinary circumstances standing in his way of doing so. *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005)." Nor do any of Aleman's unsuccessful state collateral or delayed actions allow him another bite at the apple. *See DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006) (a motion for delayed appeal tolls, but does not restart, statute of limitations).

This Court adopts the R & R and confirms the dismissal of this Petition as barred by the statute of limitations under 28 U.S.C. § 2244, and therefore the merits of Petitioner's claims need not be addressed. Furthermore, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

May 5, 2011